Filed 9/18/15  In re J.M. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re J.M., a Person Coming Under the Juvenile Court Law. | C078101 |
| THE PEOPLE, | (Super. Ct. No. JV134567) |
| Plaintiff and Respondent, | |
| v. | |
| J.M., | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *In re Kevin S.* (2003) 113 Cal.App.4th 97, 119.  Having reviewed the record, we affirm the juvenile court's dispositional orders.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## FACTUAL AND PROCEDURAL BACKGROUND

On December 1, 2012, at around 5:00 p.m., one or more people broke into a home and took several items, including a red GT men's mountain bicycle. The minor, J.M., was found riding the bicycle the following day.

The minor admitted an allegation in a delinquency petition (Welf. & Inst. Code, § 602) that he committed first degree residential burglary (Pen. Code, §§ 459, 460).[1] He was found to be a ward of the juvenile court and placed on probation with gang conditions. He was continued as a ward after admitting violating his probation for failing to attend and complete a juvenile work project. He was again continued on probation after admitting to violating his probation by getting suspended from school.

On December 7, 2013, the minor found out that he got a girl pregnant. He squeezed the girl's throat, shoved her to the ground, slapped her face, and kicked her in the stomach. When she made it outside the apartment, the minor strangled her again. Earlier that day, the minor had poked her with a knife and threatened to kill her while she was cooking for the minor and his friends.

On February 7, 2014, the minor admitted an allegation in a subsequent petition that he had committed assault by means likely to produce great bodily injury. (§ 245, subd. (a)(4).) He was continued as a ward of the juvenile court and placed in the probation department's custody pending placement in a level A facility.

On March 11, 2014, the minor absconded from his placement at the Sacramento Assessment and Treatment Center and the juvenile court issued a warrant for his arrest. On March 12, 2014, the minor was arrested on the warrant.

On April 19, 2014, the minor absconded from his placement at Rights of Passage and the juvenile court issued a warrant for his arrest. On June 12, 2014, the minor gave

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

false identifying information to an officer. He later admitted his true identity and was then transported to juvenile hall based on the outstanding arrest warrant. Officers later found a loaded handgun in the back of the patrol car in which the minor was transported. The minor admitted owning the gun.

On September 19, 2014, the minor admitted violating his probation by carrying a loaded firearm in public. (§ 25850, subd. (a).)

At the disposition hearing, the prosecutor submitted evidence of the minor's behavior and academic problems, his substance abuse issues, failure to take responsibility for his actions, and gang associations.

The Interagency Management Authorization Committee found placement in a level B program, the Clarinda Academy in Iowa, but recommended placement at the Division of Juvenile Justice (DJJ) in light of the minor's age,[2] criminal history, escalating behavior, and need for more structure and supervision than found in a level B program. A sworn declaration from a DJJ officer stated the minor would be considered a Category V offender, who would be released 18 months after the date of acceptance, with jurisdiction expiring when he turned 23. DJJ would develop a treatment plan that included mental health therapy, gang counseling, substance abuse counseling, education, vocational training, and/or college courses.

The minor submitted testimony from the Clarinda Academy's director of admissions. It offered Iowa certified substance abuse programs and anger management therapy in a group format. For gang members from California, Clarinda emphasized the lack of care and concern that gang members show for the students. It relied on the student's peers to intervene and correct inappropriate behavior, with staff intervening only when necessary.

---

[2] The minor was born in February 1997 and was 17 years 8 months old at the October 2014 disposition hearing.

The juvenile court committed the minor to the DJJ for a maximum term of four years with 232 days' credit for predisposition custody.

## *WENDE* REVIEW

We appointed counsel to represent the minor on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) The minor was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The orders of the juvenile court are affirmed.


                                         MURRAY    , J.



We concur:



    NICHOLSON    , Acting P. J.



    RENNER    , J.